**Exhibit A**

ELECTRONICALLY FILED
2/8/2017 5:22 PM
03-CV-2017-900202.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY,

| | |
|---|---|
| AARON L. THORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 03-2017-cv_____ |
| WAFFLE HOUSE, INC., d/b/a WAFFLE | ) DEMAND FOR JURY TRIAL |
| HOUSE STORE #576; Marquetta Johnson, | ) |
| store Manager for WAFFLE HOUSE STORE | ) |
| #576; NEL GRAINWOOD, District Manager | ) |
| for WAFFLE HOUSE STORE #576; and those | ) |
| persons, corporations and/or other legal entities, | ) |
| including assignors or successors in interest | ) |
| to the defendants named herein, and who are | ) |
| liable to the plaintiff for damages arising out of | ) |
| the facts and circumstances that form the | ) |
| underlying basis of this lawsuit, designated | ) |
| herein as fictitious parties, A, B, C, and whose | ) |
| names are otherwise unknown to the plaintiff | ) |
| but who will be added hereto by amendment | ) |
| when ascertained. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff Aaron L. Thorn, by and through his undersigned counsel, and for want of prosecution, file this complaint in the above-styled cause:

### THE PARTIES

1. Plaintiff is over the age of nineteen (19) years and resident of Staten Island, New York. All actions complained of herein by the plaintiff against the defendants occurred in Montgomery County, Alabama.

2. Defendant Waffle House, Inc. is a restaurant chain and operates Waffle House Store #576, located at 5180 Carmichael Road, Montgomery, Alabama 36106. Defendants Marquetta Johnson and Nel Grainwood are respectively, at all times material hereto, the Store Manager and District Manager for Waffle House, Inc. at its Waffle House Store #576, and are being sued in their

representative capacity as employees, servant and/or agent of their principal, master and/or employer, on the basis of vicarious liability and respondeat superior.

3. The fictitious party defendants named herein as A, B and C, whether singular or plural, are those persons, firms, corporation or other business organizations, legal entities, including, but not limited to their assignors or successors in interest, who are legally responsible to the plaintiff for any and all damages and injuries he has suffered as a direct and proximate result of the occurrences which form the underlying basis of this lawsuit. The true and correct identities of said defendants are presently unknown to the plaintiff, but will be added by amendment when ascertained.

## ALLEGATIONS OF FACT

4. The plaintiff avers that on or about March 01, 2015, he was a business invitee of the defendants' premises, namely The Waffle House, Store Number 576, located at 5180 Carmichael Road, Montgomery, Alabama 36106.

5. All actions and conduct of the aforementioned defendants, employees, agents, servants and/or representatives of Defendant Waffle House that form the underlying basis of the claims and causes of action being asserted herein, occurred within the line and scope of their employment, agency and/or representative capacity with Waffle House.

6. Plaintiff avers that as a business invitee he was lawfully on the premises of Waffle House, patronizing the business establishment. In said capacity, the plaintiff avers that the defendants owed him an affirmative duty not to subject him to harm. The plaintiff further avers that he complained to management and staff about the services being rendered, specifically that said services were less than satisfactory. Plaintiff avers that the defendants took umbrage to his complaint and proceeded to call law enforcement. In response to the defendants' telephone call, officer J R Cullen with the City of Montgomery Police Department appeared and proceeded to

arrest the plaintiff.

7. Plaintiff avers that as a direct and proximate cause of the actions of the defendants, he was falsely arrested, falsely imprisoned and maliciously prosecuted. Plaintiff further avers that the actions of the defendants contravenes the defendant Waffle House internal policy and representation to the public, particularly people of black African heritage, conspicuously displayed at its place of business, pursuant to a consent decree and litigation settlement agreement relative to its admission of having a history, pattern and practice of engaging in racial discrimination against said people and in an effort to make amends, accommodate and acquiesce the patronage of said people free of discrimination practices.

8. The plaintiff avers that as a direct and proximate cause of the actions of the defendants he suffered intentional and/or negligent infliction of emotional distress, including physical injury for which he had to seek medical care and treatment.

9. The plaintiff avers that he has had a stellar career as law enforcement officer for the City of New York, (NYPD), and at all times material hereto he was in retired status with NYPD. That the defendants' representations to officers with the Montgomery Police Department were tantamount to slander and defamation of his good name and character.

## COUNT I

## NEGLIGENCE & WANTONNESS

10. Plaintiff avers that the defendants' actions amount to negligence, as they owed him an affirmative duty as a business invitee to their premises not to cause him harm or injury. That the defendants negligently and/or wantonly, in disregard of the plaintiff's rights as a business invitee, caused the plaintiff to be the victim of an unlawful arrest, false imprisonment and malicious prosecution. Plaintiff avers that he suffered physical injury and emotional anguish has a proximate cause of the negligence and/or wantonness of the defendants and a breach of their duty owed him.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff seeks a jury award for compensatory and punitive damages, plus any further and/or different relief the Court deems fair and just, including, but not limited to, his cost of bringing this action.

## COUNT II

### FALSE ARREST, FALSE IMPRISONMENT & MALICIOUS PROSECUTION

11.  The plaintiff avers that the defendants' telephone call to law enforcement was without probable cause to that he had committed any criminal offense. That as a direct and proximate of the actions of the defendants, the plaintiff was detained, arrested and prosecuted. That said detention, arrest and prosecution, was unlawful.

12.  Plaintiff avers that as a direct and proximate result of the defendants' actions he was caused to suffer damages, including, but not limited to, physical injury and emotional harm.

**WHEREFORE, PREMISES CONSIDERED**, plaintiffs pray that this cause be tried and submitted to a jury for the return of a verdict and that this Court grant judgment in his favor and against the defendants and Fictitious Party Defendants A through Z, jointly and severally, for compensatory and punitive damages in an amount to be determined by the jury as being just and proper under the circumstances which forms the underlying basis to this cause of action. Further, plaintiff demands that he be awarded his costs of this action plus any interests to which he is justly entitled.

## COUNT III

### DEFAMATION & SLANDER

13.  Plaintiff avers that the actions of the defendant as complained of herein amounts to slander per se and a defamation of his good name and character.

14. Plaintiff avers that the defendants' actions and representations to Montgomery Police Department imputed to the plaintiff a criminal offense involving infamy or moral turpitude. Indeed, the Plaintiff is a well decorated and retired law enforcement officer of NYPD with no prior criminal history, never in all his life been arrested, placed in handcuffs, put in police custody, under arrest, and placed in the back of a police cruise as a presumed criminal.

15. As a direct and proximate result of the actions as complained herein, the plaintiff has suffered damages, including, but not limited to, emotional anguish.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff seeks a jury award for compensatory and punitive damages, plus any further and/or different relief the Court deems fair and just, including, but not limited to his cost of bringing this action.

Respectfully submitted,

*/s/ Amardo Wesley Pitters*
**Amardo Wesley Pitters, Esq.**
**Attorney for the Plaintiff**
**Attorney Bar Code: PIT025**

OF COUNSEL:

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street
Post Office Box 1973
Montgomery, Alabama 36102
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

*/s/ William Howard Turner*
**William Howard Turner, Esq.**
**Attorney for the Plaintiff**
**Attorney Bar Code: TUR010**

WILLIAM HOWARD TURNER, ESQUIRE
ATTORNEY-AT-LAW
449 South McDonough Street
Montgomery, Alabama 36104

Telephone: (334) 265-7818
Telefax: (334) 265-7860

**PLAINTIFF DEMANDS TRIAL BY JURY.**

ELECTRONICALLY FILED
3/15/2017 2:56 AM
03-CV-2017-900202.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number<br>03-CV- |

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
### AARON L THORN V. WAFFLE HOUSE, INC. ET AL

**NOTICE TO** NEL GRAINWOOD, 5180 CARMICHAEL ROAD, MONTGOMERY, AL 36106

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY AMARDO WESLEY PITTERS

WHOSE ADDRESS IS 1145 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure

Date 2/8/2017 5:22:20 PM    /s/ TIFFANY B. MCCORD
Clerk/Register
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

☐ Certified Mail is hereby requested    Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☑ I certify that I personally delivered a copy of the Summons and Complaint to RYAN LESTER in Montgomery County, Alabama on 13 FEB 2017 (Date)

| 13 FEB 2013 | [signature] Pat Moss | 3168 Bozeman DR<br>Montgomery, AL 36108 |
| Date | Server's Signature | Address of Server |
| P-T | Patrick Moss | 334 264 6512<br>334 868 8041 |
| Type of Server | Server's Printed Name | Phone Number of Server |

03-CV-2017-900202.00
AARON L THORN V. WAFFLE HOUSE, INC. ET AL

C001 - AARON L THORN                    v.    D003 - NEL GRAINWOOD
Plaintiff                                       Defendant



**SERVICE RETURN**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>03-CV-2017-900202.00 |
|---|---|---|

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
AARON L THORN V. WAFFLE HOUSE, INC. ET AL

NOTICE TO   WAFFLE HOUSE, INC., 5180 CARMICHAEL ROAD, MONTGOMERY, AL 36106

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY AMARDO WESLEY PITTERS

WHOSE ADDRESS IS 1145 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure

Date  2/8/2017 5:22:20 PM      /s/ TIFFANY B. MCCORD
                                Clerk/Register
                                251 S. LAWRENCE STREET
                                MONTGOMERY, AL 36104

☐ Certified Mail is hereby requested       _____
                                             Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☑ I certify that I personally delivered a copy of the Summons and Complaint to RYAN LESTER
_____ in Montgomery County, Alabama on 13 FEB 2017 (Date)

13 FEB 2017            /s/ [signature]            3168 Bozeman Dr
Date                   Server's Signature         Montgomery, AL 36108
                                                  Address of Server

P-I                    Patrick Moss               334 261 6512
Type of Server         Server's Printed Name      3311 868 8091
                                                  Phone Number of Server

03-CV-2017-900202.00
AARON L THORN V. WAFFLE HOUSE, INC. ET AL

C001 - AARON L THORN                    v.    D001 - WAFFLE HOUSE, INC.
        Plaintiff                                      Defendant

**SERVICE RETURN**