IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON L. THORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:17cv220-CSC |
| | ) (WO) |
| WAFFLE HOUSE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On April 13, 2017, defendants Waffle House, Incorporated ("Waffle House"), Marquetta Johnson ("Johnson"), and Neil Greenwood ("Greenwood") removed this case from the Circuit Court of Montgomery County, Alabama. In his complaint, plaintiff Aaron Thorn ("Thorn") accuses the defendants of negligence, wantonness, false arrest, false imprisonment, malicious prosecution, defamation and slander arising out of his arrest on March 1, 2015. The notice of removal asserts that Thorn is a citizen of New York, and defendant Waffle House is a corporation incorporated in Georgia with its principal place of business in Georgia. Defendants Johnson and Greenwood are citizens of Alabama. Although Aaron seeks compensatory and punitive damages, his complaint does not specify an amount of damages. The defendants assert that because they received a demand letter seeking one million dollars, "it is apparent that the amount in controversy is met." (Doc. # 1 at 6, ¶ 25). On that basis, pursuant to 28 U.S.C. § 1441 and § 1446, the defendants

removed the case to this court. *See* 28 U.S.C. § 1332.

On May 15, 2017, Thorn filed a motion to remand (doc. # 14). The court directed the defendants to file a response to the motion, and they have done so. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Upon consideration of the motion to remand, the briefs filed in support of and in opposition to the motion to remand, and for the reasons which follow, the court concludes that the motion to remand is due to be GRANTED, and this case remanded to the Circuit Court of Montgomery County, Alabama.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other*

grounds by *Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11th Cir. 2000). A defendant may remove to federal court any civil action over which the court would have original jurisdiction. 28 U.S.C. § 1441(a). This court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b). "When a case is removed to federal court, a removing defendant's burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Any questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095.

## III. DISCUSSION

The defendants removed this case solely on the basis of the court's diversity jurisdiction. To establish diversity jurisdiction, the removing parties must not only demonstrate that the properly-joined parties are completely diverse, but, where the amount in controversy is not evident from the face of the complaint, the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir.2010).

Relying on the plaintiff's settlement letter dated March 14, 2017, the defendants argue that the demand letter is an "other paper" sufficient to establish that the amount in controversy exceeds $75,000 and it reopens the window to timely remove the case to this court. *See* 28 U.S.C. § 1446(b)(2)(C). The defendants also assert that the removal is timely

3

as to defendants Johnson and Greenwood because they have not yet been served with the complaint. *See* 28 U.S.C. § 1446(b)(2)(B). The court pretermits discussion of whether the notice of removal is timely under 28 U.S.C. § 1446(b)(2)(B) or § 1446(b)(2)(C) because the issue before the court is not one of timeliness. Rather the question is whether the defendants have satisfied their burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. The court concludes that the defendants have failed to demonstrate by a preponderance of the evidence that the amount in controversy is met.

There is little dispute that "[a] settlement offer can constitute an 'other paper' within the meaning of 28 U.S.C. § 1446(b)." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007). And " [w]hile [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns*, 31 F.3d at 1097.

> What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight. *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F.Supp.1364, 1368 (M.D. Ala, 1998).

*Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (footnotes omitted). *See also Ryals v. Wal-Mart Stores East, L.P.*, 2016 WL 7173884, *4 (M.D. Ala. Sept. 29, 2016) (Case No: 2:16cv580-MHT-PWG); *Foshee v. Cleavenger*, 2014 WL 6978276, *4 (M.D. Ala. Dec. 4, 2014) (Civil Action No. 2:14cv965-SRW); *Dean v.*

4

*Sears, Roebuck and Co.*, 2014 WL 900723, * 3 (S. D. Ala. Mar. 7, 2014 (No. CA 13-00487-C); *Intihar v. Citizens Information Assocs., LLC*, 2014 WL 68550, *1 (M.D. Fla. Jan. 8, 2014) (No. 2:13-cv-720-FtM-29UAM).

The defendants rely exclusively on the plaintiff's settlement letter to establish the amount in controversy at $1,000,000.00. Their reliance is misplaced. The demand letter in its entirety reads as follows:

> Mr. Thorn has submitted a text message for me to make a settlement demand on his behalf to the various defendants. As for your client, the Waffle House defendants, he is demanding $1,000,000.00 (one million dollars).

(Doc. # 7, Ex. A).

There are no facts in the settlement letter that support damages in the amount of $1,000,000.00. There is no explanation of the nature of the plaintiff's injuries or how his injuries would support damages in that amount. The settlement offer is not sufficiently detailed, nor is it tied to any of the plaintiff's claims. The offer does not itemize any injuries or damages and there is no way to accurately measure damages from the letter or the plaintiff's complaint. The letter itself demonstrates that the offer is not based on counsel's reasonable assessment of Thorn's claims but is rather Thorn's unsupported demand. The settlement letter is quintessentially posturing steeped in puffery with no specific information "from which an assessment of damages could be reasonably inferred." *Ryals*, 2016 WL 7173884 at *5.

The defendants' reliance of *Blanton v. Geist*, 3:07cv980-WKW (M.D. Ala,. Mar. 9,

2009) is unavailing. While the court in *Blanton* accurately stated that "[a] demand letter received by a defendant from a plaintiff articulating a sufficient amount in controversy for diversity jurisdiction can be the basis for removing a case," the statement of law was made in reference to the court's earlier ruling on a motion to remand and was not part of the court's holding. *See* Doc. # 40 at 2. Consequently, the single statement is merely dicta and insufficient to support a conclusion that any demand letter satisfies the amount in controversy.

In *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), the Eleventh Circuit held that, when a case is removed on the basis of an initial complaint that does not plead a specific amount of damages, the removing defendant is required to show by a preponderance of the evidence that more likely than not the amount in controversy exceeds the jurisdictional minimum. *Roe*, 613 F.3d at 1061; *see also Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citing *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)) (same); *Tapscott*, 77 F.3d at 1356-57. Moreover, it is axiomatic that, on a motion to remand, all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court, *see Burns*, 31 F.3d at 1095; thus, to the extent that competing inferences may be drawn from the specific factual allegations of the complaint, the court must indulge those inferences most favorable to remand. Due to the lack of any factual detail in the settlement letter indicating how Thorn calculated his damages at $1,000,000.00, the court gives little weight to the letter. And without more, the court

would be required to engage in "impermissible speculation" and "hazard a guess on the jurisdictional amount in controversy." *Pretka*, 608 F.3d at 752. The plaintiff's complaint is equally lacking in specific information from which an assessment of the damages could be reasonably inferred. As to each of his claims, the plaintiff states only that "he suffered intentional and/or negligent infliction of emotional distress, including physical injury and had to seek medical care and treatment." The complaint does not describe with any specificity the nature of any physical injuries. The court cannot on the basis of these sparse allegations make any reasoned judgment about the value of the plaintiff's claims. In the absence of evidence or specific factual allegations in the complaint upon which to reasonably determine the extent of Thorn's damages, the court cannot simply assume that the amount in controversy in this case exceeds the jurisdictional minimum. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction *should not be divined by looking to the stars*." *Pretka*, 608 F. 3d at 753 (quoting *Lowery*, 483 F.3d at 1215) (emphasis in *Pretka*).

Accordingly, the court concludes that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000, and this case must should be remanded.

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED and ADJUDGED that the plaintiffs' motion to remand (doc. # 5) be and hereby is GRANTED and that this case be and is hereby REMANDED to the Circuit Court

7

of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Montgomery County, Alabama.

Done this 6th day of June, 2017.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE